# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATIONAL STEEL CAR LIMITED,     )
               )
         Plaintiff,     )
               )
      v.         )     C.A. No. 24-594-JLH-CJB
               )
FREIGHTCAR AMERICA, INC.,     )
               )
         Defendant.     )

## SCHEDULING ORDER

This _____ day of _____, 2024 , the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local

Rule 16.1 on _____, 2024 , and the parties having determined after discussion that the

matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

IT IS ORDERED that:

1.    **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**.  Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal

Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order.[1] If they have not

already done so, the parties are to review the Court's Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge

Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab,

---

[1] For clarity, the Parties agree that all dates contained herein supersede those contained in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), found on the Court's website at https://www.ded.uscourts.gov/sites/ded/files/EDiscov.pdf.

and is incorporated herein by reference.

2.      **<u>Joinder of Other Parties and Amendment of Pleadings</u>**.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>March 27, 2025</u>.

3.      **<u>Application to Court for Protective Order</u>**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      **<u>Papers Filed Under Seal</u>**.  When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the

start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would present a clearly defined and serious injury to the party seeking redaction.

5.     **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other documents filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6.     **Disclosures**. Absent agreement among the parties, and approval of the Court:

a.     If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either: (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than January 16, 2025, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than January 16, 2025. Plaintiff represents that it is complying with this requirement.

b.     By January 16, 2025, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

c.     By February 17, 2025, Defendant shall produce core technical documents

3

related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall produce sales figures for the accused product(s).

       d.     By <u>March 6, 2025</u>, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

       e.     By **[Plaintiff: <u>April 3, 2025</u> / Defendant: <u>April 7, 2025</u>]**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

       f.     By **[Plaintiff: <u>October 16, 2022</u> / Defendant: <u>December 12, 2025</u>]**, Plaintiff shall provide final infringement contentions.

       g.     By **[Plaintiff: <u>October 30, 2025</u> / Defendant: <u>January 9, 2026</u>]**, Defendant shall provide final invalidity contentions.

       h.     The parties, if they think it necessary, may request the Court consider reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations.  The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

      7.    **<u>Discovery</u>**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

       a.     <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **[Plaintiff: <u>November 13, 2025</u> / Defendant: <u>January 16, 2026</u>]**.

       b.     <u>Document Production</u>.  Document production shall be substantially complete by **[Plaintiff: <u>September 11, 2025</u> / Defendant: <u>October 17, 2025</u>]**.

       c.     <u>Requests for Admission</u>.  A maximum of <u>30</u> requests for admission are

permitted for each side, except insofar as to authenticate documents.

        d.    <u>Interrogatories</u>.

                i.    A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

                ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; that is, the more detail a party provides, the more detail a party shall receive.

        e.    <u>Depositions</u>.

                i.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>70</u> hours of taking testimony by deposition upon oral examination.

                ii.    <u>Location of Depositions</u>.  Any party or representative (e.g., officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.    <u>Disclosure of Expert Testimony</u>.

                i.    <u>Expert Reports</u>.  For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **[Plaintiff: <u>January 15, 2026</u> / Defendant: <u>February 13, 2026</u>]**.  The supplemental

5

disclosure to contradict or rebut evidence on the same matter identified by another party, or to otherwise present expert evidence regarding subject matter on which it does not bear the initial burden of proof, is due on or before **[Plaintiff: <u>February 12, 2026</u> / Defendant: <u>March 13, 2026</u>]**. Reply expert reports from the party with the initial burden of proof are due on or before **[Plaintiff: <u>March 5, 2026</u> / Defendant: <u>April 10, 2026</u>]**.[2] No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

   ii. <u>Expert Report Supplementation</u>.  The parties may file expert declarations in connection with motions briefing (including case-dispositive motions) [Plaintiff: to the extent that the opinion is consistent with or rebuts previously-filed expert reports or deposition testimony (e.g., (1) to reply to opinions regarding issues that would be first opined on in rebuttal/reply reports (such as secondary indicia) or (2) to respond to deposition testimony). Defendant: to the extent that, if the parties file expert declarations in connection with motion practice but after the relevant deadline to disclose expert testimony, those declarations do not contain expert opinions not timely disclosed in the relevant expert report.]

   iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in

---

[2] For clarity, the parties agree that Plaintiff may present evidence addressing secondary indicia of nonobviousness for the first time in a rebuttal report and Defendant may present evidence addressing secondary indicia of nonobviousness for the first time in its reply report.

connection with briefing of case dispositive motions.

g.    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with the
following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after good faith efforts—including ***verbal***
communication among Delaware and Lead Counsel for all parties to the dispute—that they are
unable to resolve a discovery matter or a dispute regarding a protective order (other than that
involving the initial drafting of a protective order, which is discussed further below), the parties
involved in the discovery matter or protective order dispute shall file a joint letter in substantially
the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter
> write to request the scheduling of a
> discovery teleconference.
>
> The following attorneys, including at least
> one Delaware Counsel and at least one Lead
> Counsel per party, participated in a verbal
> meet-and-confer (in person and/or by
> telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are
> listed below:
>
> [provide here a non-argumentative list of
> disputes requiring judicial attention]

iii.    The moving party (i.e., the party seeking relief from the Court)
should also file a "Motion For Teleconference To Resolve Discovery Dispute."  The suggested

text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

       iv.     The Court will thereafter set a discovery dispute telephone conference and a briefing schedule.  The movant's opening letter brief shall include as attachments:  (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute.  To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues.  The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website.  The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

       v.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

       vi.     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

Dear Judge Burke:

8

The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment that side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the

9

conference.

8. **Motions to Amend**.

a.       Any motion to amend a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.       Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.       Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

9. **Motions to Strike**.

a.       Any motion to strike any pleading or other document or testimony shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.       Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.       Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10.    **Motions to Stay**.

a.    Any motion to stay shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11.    **Tutorial Describing the Technology and Matters in Issue**.  The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue.  In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length.  The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.    **Claim Construction Issue Identification**.  On **[Plaintiff: April 17, 2025** / **Defendant: May 14, 2025]**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).

11

This list will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on **[Plaintiff: May 1, 2025 / Defendant: June 4, 2025]**.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Samantha_Grimes@ded.uscourts.gov  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide any arguments.

13.    **Claim Construction Briefing**.  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **[Plaintiff: May 22, 2025 / Defendant: June 25, 2025]**. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before **[Plaintiff: June 12, 2025 / Defendant: July 16, 2025]**.  Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before **[Plaintiff: June 26, 2025 / Defendant: July 30, 2025]**.  Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on or before **[Plaintiff: July 10, 2025 / Defendant: August 13, 2025]**.  No later than **[Plaintiff: July 17, 2025 / Defendant: August 20, 2025]**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.    Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

12

      1.      Plaintiff's Opening Position
      2.      Defendant's Answering Position
      3.      Plaintiff's Reply Position
      4.      Defendant's Sur-Reply Position

B.    [TERM 2]
      1.      Plaintiff's Opening Position
      2.      Defendant's Answering Position
      3.      Plaintiff's Reply Position
      4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

Each party shall file concurrently with the Joint Claim Construction Brief a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Brief. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Brief (D.I. [ ])."

14.    **Hearing on Claim Construction**. Beginning at \_\_\_\_ \_.m. on **[Plaintiff: August \_\_\_\_ , 2025 / Defendant: November \_ , 2025]**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15.    **Interim Status Report**.  On **[Plaintiff: <u>December 11, 2025</u> / Defendant: <u>November 17, 2025</u>]**, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16.    **Supplementation**.  Absent agreement among the parties, and approval of the Court, no later than **[NSC's proposal: <u>July 3, 2025</u>; FCA's proposal:** the date final infringement contentions and invalidity contentions, respectively, are due**]**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17.    **Case Dispositive Motions.**

a.    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[Plaintiff: <u>April 23, 2026</u> / Defendant: <u>June 5, 2026</u>]**.  Briefing will be presented pursuant to the Court's scheduling order.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

b.    <u>Concise Statement of Facts Requirement.</u>    Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent

14

a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        c.      The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.

        d.      <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired, provided, however, that each side will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each side.[3]

        e.      <u>Hearing.</u>  The Court will hear arguments on all pending case dispositive and *Daubert* motions on **[Plaintiff: <u>June/July   , 2026</u> / Defendant: <u>September  , 2026]</u>** beginning

---

[3] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

at \_\_\_\_\_ \_.m.  Unless otherwise ordered by the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

      18.    **Applications by Motion.**  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      19.    **Amendments to the Scheduling Order.**  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

      20.    **IPRs/PGRs.**  Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision.  The Notice must list the action taken, the affected claims, the dates of any expected further action by the Patent Trial and Appeal Board (PTAB), and the status of all other pending IPRs/PGRs.

      21.    **Motions *in Limine*.**  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court.  No separate briefing

16

shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

22.    **Pretrial Conference.**  On **[Plaintiff: <u>September 17, 2026</u> / Defendant: <u>November 13, 2026]</u>** the Court will hold a pretrial conference in Court with counsel beginning at _____ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents.  The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

23.    **Jury Instructions, Voir Dire, and Special Verdict Forms.**  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

24.    **Trial.**  This matter is scheduled for a <u>five day</u>[4] jury trial beginning at <u>9:30 a.m.</u> on **[Plaintiff: <u>September/October  , 2026</u> / Defendant: <u>November/December  , 2026]</u>**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations,

---

[4] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

25.    **Judgment on Verdict and Post-Trial Status Report.** Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

26.    **Post-Trial Motions.** Unless otherwise ordered by the Court, each side is limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.


_____
The Honorable Christopher J. Burke

18

**EXHIBIT A**

| Event | NSC's Proposal | FCA's Proposal |
|---|---|---|
| Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) (¶ 1) | Within 5 days of this Order | Within 5 days of this Order |
| Motions to Join Other Parties, and to Amend or Supplement the Pleadings (¶ 2) | Thursday, March 27, 2025 (this date listed out of sequence) | Thursday, March 27, 2025 (this date listed out of sequence) |
| Application to Court for Protective Order (¶ 3) | Within ten days from the date the Court enters this Order | Within ten days from the date the Court enters this Order |
| Disclosures under ESI Order ¶¶ 3(a)-3(c) | Thursday, January 16, 2025 | Thursday, January 16, 2025 |
| Plaintiff shall identify licenses and/or settlement agreements to Defendant (¶ 6(a)) | Thursday, January 16, 2025 | Thursday, January 16, 2025 |
| Plaintiff shall identify the accused products, damages model, and produce file histories (¶ 6(b)) | Thursday, January 16, 2025 | Thursday, January 16, 2025 |
| Defendants shall produce core technical documents and sales (¶ 6(c)) | Monday, February 17, 2025 | Monday, February 17, 2025 |
| Initial Infringement Contentions (¶ 6(d)) | Thursday, March 6, 2025 | Thursday, March 6, 2025 |
| Initial Invalidity Contentions (¶ 6(e)) | Thursday, April 3, 2025 | Monday, April 7, 2025 |
| Claim Terms for Construction (¶ 12) | Thursday, April 17, 2025 | Wednesday, May 14, 2025 |
| Joint Claim Construction Chart (¶ 12) | Thursday, May 1, 2025 | Wednesday, June 4, 2025 |
| Opening Claim Construction Brief (¶ 13) | Thursday, May 22, 2025 | Wednesday, June 25, 2025 |
| Answering Claim Construction Brief (¶ 13) | Thursday, June 12, 2025 | Wednesday, July 16, 2025 |
| Reply Claim Construction Brief (¶ 13) | Thursday, June 26, 2025 | Wednesday, July 30, 2025 |
| Sur-Reply Claim Construction Brief (¶ 13) | Thursday, July 10, 2025 | Wednesday, August 13, 2025 |

19

| Event | NSC's Proposal | FCA's Proposal |
|---|---|---|
| Joint Claim Construction Brief (¶ 13) | Thursday, July 17, 2025 | Wednesday, August 20, 2025 |
| Document Production Substantially Complete (¶ 7(b)) | Thursday, September 11, 2025 | Friday, October 17, 2025 |
| Amended Joint Claim Construction Chart- | Thursday, July 31, 2025 | Wednesday, September 3, 2025 |
| Claim Construction Hearing (¶ 14) | August ___, 2025 | November __, 2025 |
| Supplementation of Accused Products and Invalidity References (¶ 16) | Thursday, October 16, 2025 | With final contentions |
| Final Infringement Contentions (¶ 6(f)) | Thursday, October 16, 2025 | Friday, December 12, 2025 |
| Final Invalidity Contentions (¶ 6(g)) | Thursday, October 30, 2025 | Friday, January 9, 2026 |
| Fact Discovery Cut Off (¶ 7(a)) | Thursday, November 13, 2025 | Friday, January 16, 2026 |
| Interim Status Report (¶ 15) | Thursday, December 11, 2025 | Monday, November 17, 2025 (this date listed out of sequence) |
| Opening Expert Reports (¶ 7(f)(i)) | Thursday, January 15, 2026 | Friday, February 13, 2026 |
| Rebuttal Expert Reports (¶ 7(f)(i)) | Thursday, February 12, 2026 | Friday, March 13, 2026 |
| Reply Expert Reports (¶ 7(f)(i)) | Thursday, March 5, 2026 | Friday, April 10, 2026 |
| Expert Discovery Cutoff (¶ 7.a.) | Thursday, March 26, 2026 | Friday, May 8, 2026 |
| Dispositive Motions Opening Briefs (¶ 17(a)) | Thursday, April 23, 2026 | Friday, June 5, 2026 |
| Dispositive Motions Responsive Briefs (¶ 17(a)) | Thursday, May 14, 2026 | Friday, June 26, 2026 |
| Dispositive Motions Reply Briefs (¶ 17(a)) | Thursday, May 28, 2026 | Friday, July 10, 2026 |
| Hearing on Dispositive and Daubert Motions (¶ 17(e)) | June/July __, 2026 | September __, 2026 |
| Plaintiff serves draft pretrial order (¶ 22) | Thursday, August 6, 2026 | Friday, October 2, 2026 |
| Parties serve motions in limine (¶ 21) | TBD | TBD |

| Event | NSC's Proposal | FCA's Proposal |
|---|---|---|
| Parties serve oppositions to motions in limine (¶ 21) | TBD | TBD |
| Parties serve replies to motions in limine (¶ 21) | TBD | TBD |
| Defendant serves response to draft pretrial order (¶ 22) | Thursday, August 27, 2026 | Friday, October 23, 2026 |
| Joint proposed final pretrial order (¶ 22) | Thursday, September 10, 2026 | Friday, November 6, 2026 |
| Jury instructions, voir dire and special verdicts form (¶ 23) | Thursday, September 10, 2026 | Friday, November 6, 2026 |
| Pretrial Conference (¶ 22) | Thursday, September 17, 2026 | November 13, 2026 |
| Trial (¶ 24) | September/October ___, 2026 | November/December ___, 2026 |