**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, ) | |
| ) | C.A. No. 24-594-JLH-CJB |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | **REDACTED PUBLIC VERSION** |
| FREIGHTCAR AMERICA, INC., ) | |
| FREIGHTCAR NORTH AMERICA, ) | |
| LLC, JAC OPERATIONS, INC. and ) | |
| FCA-FASEMEX, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANTS FREIGHTCAR AMERICA, INC.; FREIGHTCAR NORTH AMERICA, LLC; JAC OPERATIONS, INC.; AND FCA-FASEMEX, LLC'S ANSWER TO THE SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

1.      Defendants FreightCar America, Inc.; FreightCar North America, LLC; JAC Operations, Inc.; and FCA-FASEMEX, LLC (collectively "FreightCar America") hereby respond to the Second Amended Complaint (D.I. 56, "Complaint") of Plaintiff National Steel Car Limited ("Plaintiff" or "NSC").   Except for the specific factual allegations expressly admitted below, FreightCar America denies the allegations in the Complaint.

## THE PARTIES

2.      FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3.      FreightCar America admits the allegations in Paragraph 3 of the Complaint.

4.      FreightCar America admits the allegations in Paragraph 4 of the Complaint.

5.      FreightCar America denies the allegations in Paragraph 5 of the Complaint.

6.      FreightCar America admits the allegations in Paragraph 6 of the Complaint.

7.       FreightCar America admits the allegations in Paragraph 7 of the Complaint.

8.       FreightCar America admits the allegations in Paragraph 8 of the Complaint.

9.       FreightCar America admits that FreightCar North America, LLC is wholly owned by FreightCar America, Inc.  The remaining allegations in Paragraph 9 of the Complaint are legal conclusions to which no response is required.

10.      FreightCar America admits that JAC Operations, Inc. is wholly owned by FreightCar America, Inc.  The remaining allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required.

11.      FreightCar America admits that FCA-FASEMEX, LLC was created as part of a joint venture between FreightCar North America, LLC and Fabricaciones y Servicios de México, S.A. de C.V. to manufacture railcars in Castaños, Mexico.  FreightCar America denies any remaining factual allegations in paragraph 11 of the Complaint.

12.      FreightCar America admits the allegations in Paragraph 12 of the Complaint.

## <u>JURISDICTION AND VENUE</u>

13.      FreightCar America admits that the Complaint asserts patent-infringement claims under the U.S. patent statute, 35 U.S.C. § 1 *et seq.*  To the extent Paragraph 13 of the Complaint contains any additional allegations, FreightCar America denies those allegations.

14.      FreightCar America admits the allegations in Paragraph 14 of the Complaint.

15.      FreightCar America admits the allegations in Paragraph 15 of the Complaint.

16.      FreightCar America admits FreightCar America, Inc.; FreightCar North America, LLC; JAC Operations, Inc.; and FCA-FASEMEX, LLC are Delaware entities.  For purposes of this action only, FreightCar America does not contest personal jurisdiction.

17.      FreightCar America admits the allegations in Paragraph 17 of the Complaint.

## NATIONAL STEEL CAR LIMITED

18.    FreightCar America denies the allegations in Paragraph 18 of the Complaint.

19.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20.    FreightCar America admits that the Complaint appears to include images of rail cars. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22.    FreightCar America denies the allegations in Paragraph 22 of the Complaint.

23.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24.    FreightCar America denies the allegations in Paragraph 24 of the Complaint.

25.    FreightCar America admits that U.S. Patent No. 8,166,892 ("the '892 patent") lists on its face an issue date of May 1, 2012, and U.S. Patent No. 8,132,515 ("the '515 patent") lists on its face an issue date of March 13, 2012.  The remaining allegations in Paragraph 25 of the Complaint are legal conclusions to which no response is required.

26.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

29.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies them.

## CANADIAN NATIONAL REQUESTS NEW RAIL CARS

30.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis denies them.

31.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies them.

32.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies them.

33.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies them.

34.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies them.

35.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies them.

36.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis denies them.

37.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies them.

38.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies them.

## THE ACCUSED PRODUCTS

39.     FreightCar America denies the allegations in Paragraph 39 of the Complaint.

40.    FreightCar America admits that it was awarded a contract from CN for the sale of jennies. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 40 of the Complaint, and on that basis denies them.

41.    FreightCar America admits the allegations in Paragraph 41 of the Complaint.

42.    FreightCar America denies that FreightCar America, Inc.; FreightCar North America, LLC; JAC Operations, Inc.; or FCA-FASEMEX, LLC is the entity that operates the facility in Castaños, Mexico.  Because the remaining allegations are too vague to enable FreightCar America to form a belief as to their truth, FreightCar America denies them on that basis.

43.    FreightCar America denies that FreightCar North America, LLC is the entity that operates the facility in Castaños, Mexico.  Because the remaining allegations are too vague to enable FreightCar America to form a belief as to their truth, FreightCar America denies them on that basis.

44.    FreightCar America denies that FCA-FASEMEX, LLC is the entity that operates the facility in Castaños, Mexico.  Because the remaining allegations are too vague to enable FreightCar America to form a belief as to their truth, FreightCar America denies them on that basis.

45.    FreightCar America admits that FreightCar North America, LLC submitted the successful bid for the CN contract.  FreightCar America denies any additional allegations in Paragraph 45 of the Complaint.

46.     FreightCar America admits that one or more of the FreightCar America defendants participated in the design of the accused products, and that one or more of the FreightCar America defendants participated in the manufacturing of those products.  FreightCar America denies any additional allegations in Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 of the Complaint are legal conclusions to which no response is required.

48.     FreightCar America denies the allegations in Paragraph 48 of the Complaint.

49.     FreightCar America admits that FreightCar America's jennies sold to CN may be used at Two Harbors, Minnesota. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 49 of the Complaint, and on that basis denies them.

50.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis denies them.

51.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis denies them.

52.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis denies them.

53.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis denies them.

54.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis denies them.

55.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis denies them.

56.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis denies them.

57.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis denies them.

58.    FreightCar America denies the allegations in Paragraph 58 of the Complaint.

59.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis denies them.

60.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis denies them.

61.    FreightCar America admits that some claims of the '892 patent recite "side sills." FreightCar America denies that any claim of the '892 patent recites side sill dimensions. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 61 of the Complaint, and on that basis denies them.

62.    FreightCar America admits that some claims of the '515 patent recite "corner posts." FreightCar America denies that any claim of the '515 patent recites corner post dimensions. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 62 of the Complaint, and on that basis denies them.

63.    FreightCar America admits that some claims of the '515 patent recite an "end post." FreightCar America denies that any claim of the '515 patent recites end post dimensions. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 63 of the Complaint, and on that basis denies them.

64.    FreightCar America admits that ██████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████. FreightCar America denies any remaining factual allegations in paragraph 64 of the Complaint.

65.    FreightCar America admits that ██████████████████████████ ████████████████████████████████████████████████

█████████████████████████████████. FreightCar America denies any remaining factual allegations in paragraph 65 of the Complaint.

66.    FreightCar America admits that █████████████████████████████████████████████████████████████. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 66 of the Complaint, and on that basis denies them.

67.    FreightCar America admits that █████████████████████████████████████████████████████████████████. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 67 of the Complaint, and on that basis denies them.

68.    FreightCar America admits that █████████████████████████████. FreightCar America denies that CN notified it of any NSC patent right.  FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 68 of the Complaint, and on that basis denies them.

69.    FreightCar America admits that █████████████████████████████. FreightCar America denies that CN notified it of any NSC patent right.  FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 69 of the Complaint, and on that basis denies them.

70.    FreightCar America denies the allegations in Paragraph 70 of the Complaint.

71.    FreightCar America denies the allegations in Paragraph 71 of the Complaint.

72.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and on that basis denies them.

73.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis denies them.

74.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and on that basis denies them.

75.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and on that basis denies them.

76.    FreightCar America denies the allegations in Paragraph 76 of the Complaint.

77.    FreightCar America denies the allegations in Paragraph 77 of the Complaint.

78.    FreightCar America admits that it is aware that NSC has patents.  FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 of the Complaint, and on that basis denies them.

79.    FreightCar America denies the allegations in Paragraph 79 of the Complaint.

80.    FreightCar America denies the allegations in Paragraph 80 of the Complaint.

81.    FreightCar America admits that it was represented by counsel in Case No. 1:15-cv-03418 (N.D. Ill.) and Case No. 1:15-cv-08643 (N.D. Ill.). FreightCar America denies that counsel of record appeared on behalf of FreightCar America in Case No. 1:11-cv-08743 (N.D. Ill.).

82.    FreightCar America admits that FreightCar America filed petitions requesting *inter partes* review (IPR) of claims 1-2, 7-10, and 13 of U.S. Patent No. 7,461,600 (IPR2016-00787) and claims 15, 18, and 20 of U.S. Patent No. 7,757,611 (IPR2016-00788). FreightCar America admits that the Patent Trial and Appeal Board instituted review in both IPRs, finding "a reasonable

likelihood" that FreightCar America would prevail in "showing the unpatentability" of the challenged claims. FreightCar America denies that the patent office affirmed the patents' validity in either case. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 82 that FreightCar America "lost" the *inter partes* review.

83. FreightCar America denies the allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains no factual allegations and therefore requires no response.

85. FreightCar America denies the allegations in Paragraph 85 of the Complaint.

86. FreightCar America admits that the applicants who filed U.S. Provisional Application No. 61/977,753 on April 10, 2014, made the statement quoted in Paragraph 86 of the Complaint. FreightCar America denies any remaining factual allegations in paragraph 86 of the Complaint.

87. FreightCar America admits that U.S. Patent No. 10,017,191 and U.S. Patent No. 10,710,612 each claims priority to U.S. Provisional Application No. 61/977,753. FreightCar America admits that U.S. Patent No. 10,017,191 and U.S. Patent No. 10,710,612 each lists on its face JAC Operations, Inc. as the assignee.

88. FreightCar America denies the allegations in Paragraph 88 of the Complaint.

89. FreightCar America denies the allegations in Paragraph 89 of the Complaint.

90. FreightCar America denies the allegations in Paragraph 90 of the Complaint.

91. FreightCar America denies the allegations in Paragraph 91 of the Complaint.

92. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and on that basis denies them.

93.     FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and on that basis denies them.

94.     FreightCar America admits the allegations in Paragraph 94 of the Complaint.

95.     FreightCar America denies that the patent attorney who filed and prosecuted U.S. Provisional Application No. 61/977,753 and Application Nos. 15/289,466 and 16/031,410 signed a retainer or an engagement agreement with JAC Operations, Inc.  FreightCar America denies any remaining factual allegations in paragraph 95 of the Complaint.

96.     FreightCar America admits that at least the inventor of the listed patent applications read those applications before they were filed.  If Paragraph 96 contains any additional factual allegations, FreightCar America denies those allegations.

97.     FreightCar America admits that at least the inventor of the listed patent applications read those applications before they were filed.  If Paragraph 97 contains any additional factual allegations, FreightCar America denies those allegations.

98.     FreightCar America denies the allegations in Paragraph 98 of the Complaint.

99.     FreightCar America denies the allegations in Paragraph 99 of the Complaint.

100.    FreightCar America denies the allegations in Paragraph 100 of the Complaint.

101.    FreightCar America denies the allegations in Paragraph 101 of the Complaint.

102.    FreightCar America denies the allegations in Paragraph 102 of the Complaint.

103.    FreightCar America denies the allegations in Paragraph 103 of the Complaint.

104.    FreightCar America denies the allegations in Paragraph 104 of the Complaint.

105.    FreightCar America denies the allegations in Paragraph 105 of the Complaint.

106.    FreightCar America admits that one or more of the "FreightCar Entities" was involved in the bidding process for the Accused Products.

107.    FreightCar America admits that one or more of the "FreightCar Entities" was involved in the design process for the Accused Products.

108.    FreightCar America admits that one or more of the "FreightCar Entities" share one or more employee, director, and/or officer.

109.    Because the allegations in Paragraph 109 of the Complaint are too vague to enable FreightCar America to form a belief as to their truth, FreightCar America denies them on that basis.

110.    FreightCar America denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 of the Complaint are legal conclusions to which no response is required.

## THE ASSERTED PATENTS

112.    FreightCar America admits that U.S. Patent No. 8,166,892 lists on its face that it was filed as Application No. 12/559,065 on September 14, 2009, and issued on May 1, 2012. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 112 of the Complaint, and on that basis denies them.

113.    FreightCar America admits that the '892 patent claims on its face priority to Canadian Patent Application No. 2,678,447, filed September 11, 2009, and Canadian Patent Application No. 2,678,605, filed September 14, 2009. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 113 of the Complaint, and on that basis denies them.

114.    FreightCar America admits that U.S. Patent No. 8,132,515 lists on its face that it was filed as Application No. 12/816,660 on June 16, 2010, and issued on March 13, 2012. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 114 of the Complaint, and on that basis denies them.

115.    FreightCar America admits that the '515 patent purports on its face to be a "Division of application No. 12/559,065, filed on Sep. 14, 2009." FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 115 of the Complaint, and on that basis denies them.

116.    FreightCar America admits that the '892 patent and '515 patent each lists on its face a title of "RAILROAD GONDOLA CAR STRUCTURE AND MECHANISM THEREFOR." FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 116 of the Complaint, and on that basis denies them.

117.    FreightCar America admits that the '892 patent and '515 patent each lists on its face James W. Forbes, Marcus Thiesen, and Dave Keats as inventors. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 117 of the Complaint, and on that basis denies them.

118.    FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and on that basis denies them.

119.    FreightCar America admits that the '892 patent includes on its face 15 claims, of which claims 1 and 2 are on their face independent claims. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 119 of the Complaint, and on that basis denies them.

120.    FreightCar America admits that the '515 patent includes on its face 44 claims, of which claims 1, 7, 18, 20, 24, and 32 are on their face independent claims. FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 120 of the Complaint, and on that basis denies them.

121.    FreightCar America denies the allegations in Paragraph 121 of the Complaint.

122.    FreightCar America admits that Paragraph 122 of the Complaint appears to reproduce Figure 1 of the '892 and '515 patents. FreightCar America admits that the '892 and '515 patents on their face describe Figure 1 as "a general arrangement, isometric view of a railroad freight car. . . ." FreightCar America lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 122 of the Complaint, and on that basis denies them.

123.    FreightCar America admits that Paragraph 123 of the Complaint appears to reproduce portions of the text of the '892 patent.

124.    FreightCar America admits that Paragraph 124 of the Complaint appears to reproduce portions of the text of the '892 patent.

125.    FreightCar America admits that Paragraph 125 of the Complaint appears to reproduce portions of the text of the '892 patent.

126.    FreightCar America admits that Paragraph 126 of the Complaint appears to reproduce portions of the text of the '892 patent.

127.    FreightCar America admits that Paragraph 127 of the Complaint appears to reproduce portions of the text of the '892 patent.

128.    FreightCar America admits that Paragraph 128 of the Complaint appears to reproduce portions of the text of the '892 patent.

129.    FreightCar America admits that Paragraph 129 of the Complaint appears to reproduce portions of the text of the '892 patent.

130.    FreightCar America admits that Paragraph 130 of the Complaint appears to reproduce portions of the text of the '892 patent.

131.    FreightCar America admits that Paragraph 131 of the Complaint appears to reproduce portions of the text of the '892 patent.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,132,515

132.    FreightCar America incorporates herein by reference its responses to the allegations in preceding Paragraphs 1–131.

133.    FreightCar America denies the allegations in Paragraph 133 of the Complaint.

134.    FreightCar America admits that Paragraph 134 of the Complaint appears to reproduce claim 1 of the '515 patent.

135.    The allegations in Paragraph 135 of the Complaint are legal conclusions to which no response is required.

136.    The allegations in Paragraph 136 of the Complaint are legal conclusions to which no response is required.

137.    The allegations in Paragraph 137 of the Complaint are legal conclusions to which no response is required.

138.    The allegations in Paragraph 138 of the Complaint are legal conclusions to which no response is required.

139.    The allegations in Paragraph 139 of the Complaint are legal conclusions to which no response is required.

140.    The allegations in Paragraph 140 of the Complaint are legal conclusions to which no response is required.

141.    The allegations in Paragraph 141 of the Complaint are legal conclusions to which no response is required.

142.    The allegations in Paragraph 142 of the Complaint are legal conclusions to which no response is required.

143.    The allegations in Paragraph 143 of the Complaint are legal conclusions to which no response is required.

144.    The allegations in Paragraph 144 of the Complaint are legal conclusions to which no response is required.

145.    The allegations in Paragraph 145 of the Complaint are legal conclusions to which no response is required.

146.    FreightCar America denies the allegations in Paragraph 146 of the Complaint.

147.    FreightCar America denies the allegations in Paragraph 147 of the Complaint.

148.    FreightCar America denies the allegations in Paragraph 148 of the Complaint.

149.    FreightCar America denies the allegations in Paragraph 149 of the Complaint.

150.    FreightCar America denies the allegations in Paragraph 150 of the Complaint.

151.    FreightCar America denies the allegations in Paragraph 151 of the Complaint.

152.    FreightCar America denies the allegations in Paragraph 152 of the Complaint.

### <u>COUNT II: INFRINGEMENT OF U.S. PATENT 8,166,892</u>

153.    FreightCar incorporates herein by reference its responses to the allegations in preceding Paragraphs 1–152.

154.    FreightCar America denies the allegations in Paragraph 154 of the Complaint.

155.    FreightCar America admits that Paragraph 155 of the Complaint appears to reproduce claim 1 of the '892 patent.

156.    The allegations in Paragraph 156 of the Complaint are legal conclusions to which no response is required.

157.    The allegations in Paragraph 157 of the Complaint are legal conclusions to which no response is required.

158.    The allegations in Paragraph 158 of the Complaint are legal conclusions to which no response is required.

159.    The allegations in Paragraph 159 of the Complaint are legal conclusions to which no response is required.

160.    The allegations in Paragraph 160 of the Complaint are legal conclusions to which no response is required.

161.    The allegations in Paragraph 161 of the Complaint are legal conclusions to which no response is required.

162.    The allegations in Paragraph 162 of the Complaint are legal conclusions to which no response is required.

163.    The allegations in Paragraph 163 of the Complaint are legal conclusions to which no response is required.

164.    The allegations in Paragraph 164 of the Complaint are legal conclusions to which no response is required.

165.    The allegations in Paragraph 165 of the Complaint are legal conclusions to which no response is required.

166.    The allegations in Paragraph 166 of the Complaint are legal conclusions to which no response is required.

167.    The allegations in Paragraph 167 of the Complaint are legal conclusions to which no response is required.

168.    FreightCar America denies the allegations in Paragraph 168 of the Complaint.

169.    FreightCar America denies the allegations in Paragraph 169 of the Complaint.

170.    FreightCar America denies the allegations in Paragraph 170 of the Complaint.

171.    FreightCar America denies the allegations in Paragraph 171 of the Complaint.

172.    FreightCar America denies the allegations in Paragraph 172 of the Complaint.

173.    FreightCar America denies the allegations in Paragraph 173 of the Complaint.

174.    FreightCar America denies the allegations in Paragraph 174 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

FreightCar America denies all allegations not specifically admitted herein. FreightCar America denies that Plaintiff is entitled to any of the relief requested in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 174 of the Complaint, and without undertaking any of the burdens imposed by law on Plaintiff, FreightCar America avers and asserts the following defenses to the Complaint. FreightCar America expressly reserves the right to raise additional defenses, including additional affirmative defenses based on facts obtained in the course of discovery.

## FIRST DEFENSE

### (Invalidity)

The claims of the '892 patent and the '515 patent (collectively the "asserted patents") are invalid for failure to satisfy one or more of the requisite conditions of patentability set forth in Title 35 of the United States Code, including, without limitation §§ 102, 103, 112.

## SECOND DEFENSE

### (Unclean Hands)

NSC's claims are barred, in whole or in part, by the doctrine of unclean hands, including because ████████████████████████████████████████████

████████  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████    NSC came to the Court with unclean hands.

### THIRD DEFENSE

### (Estoppel)

NSC's claims are barred, in whole or in part, by estoppel, including contractual estoppel and/or equitable estoppel. NSC is estopped from pursuing its claims, including because ██████

██████████████████████████████████████████████████

██████████████████████████████████████████

### COUNTERCLAIMS

Defendants/Counterclaimants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations, Inc., and FCA-FASEMEX, LLC (collectively "FreightCar America") bring the following Counterclaims against Plaintiff/Counterdefendant National Steel Car Limited ("NSC" or "Plaintiff").

### THE PARTIES

1.      FreightCar America, Inc. is a Delaware corporation with its principal place of business at 125 South Wacker Drive, Chicago, IL 60606.

2.      FreightCar North America, LLC is a Delaware limited liability company with its principal place of business at 125 South Wacker Drive, Chicago, IL 60606.

3.      JAC Operations, Inc. is a Delaware corporation with its principal place of business at 125 South Wacker Drive, Chicago, IL 60606.

4.      FCA-FASEMEX, LLC is a Delaware limited liability company with its principal place of business at 125 South Wacker Drive, Chicago, IL 60606.

5.      According to Plaintiff's Second Amended Complaint (D.I. 56, "Complaint"), NSC is a Canadian corporation with its place of business at 600 Kenilworth Avenue North, P.O. Box 2450, Hamilton, Ontario, L8N 3J4.

## JURISDICTION AND VENUE

6.      These counterclaims arise under the patent laws of the United States (35 U.S.C. § 100 *et seq.*) and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over NSC because, among other reasons, NSC purports to own all right, title, and interest in and to the asserted patents and has consented to jurisdiction by bringing the present action.

9.      To the extent venue needs to be established for a counterclaim, venue is proper in this judicial district to the extent it is proper with respect to NSC's claims against FreightCar America.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,132,515)

10.      FreightCar America incorporates herein by reference the allegations contained in all preceding paragraphs of these counterclaims.

11.      NSC alleges in its Complaint that it owns the '515 patent and that FreightCar America has infringed at least claim 1 of the '515 patent by making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies.

12.      There exists an actual and justiciable controversy between NSC and FreightCar America regarding whether FreightCar America has infringed any claim of the '515 patent by

making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies, and this controversy is ripe for adjudication by this Court.

      13.    FreightCar America has not infringed any claims of the '515 patent, either literally or under the doctrine of equivalents.

      14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 *et seq.*, FreightCar America requests a judicial declaration that the sale, offer for sale, manufacture, importation, or use of FreightCar America's jennies do not infringe any valid and enforceable claim of the '515 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,166,892)

      15.    FreightCar America incorporates herein by reference the allegations contained in all preceding paragraphs of these counterclaims.

      16.    NSC alleges in its Complaint that it owns the '892 patent and that FreightCar America has infringed at least claim 1 of the '892 patent by making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies.

      17.    There exists an actual and justiciable controversy between NSC and FreightCar America regarding whether FreightCar America has infringed any claim of the '892 patent by making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies, and this controversy is ripe for adjudication by this Court.

      18.    FreightCar America has not infringed any claims of the '892 patent, either literally or under the doctrine of equivalents.

      19.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 *et seq.*, FreightCar America requests a judicial declaration that the sale, offer for sale, manufacture,

importation, or use of FreightCar America's jennies do not infringe any valid and enforceable claim of the '892 patent.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,132,515)

20.    FreightCar America incorporates herein by reference the allegations contained in all preceding paragraphs of these counterclaims.

21.    NSC alleges in its Complaint that it owns the '515 patent and that FreightCar America has infringed at least claim 1 of the '515 patent by making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies.

22.    There exists an actual and justiciable controversy between NSC and FreightCar America regarding the invalidity of one or more claims of the '515 patent, and this controversy is ripe for adjudication by this Court.

23.    One or more claims of the '515 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability that are set forth in 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

24.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 *et seq.*, FreightCar America requests a judicial declaration that one or more claims of the '515 patent are invalid.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,166,892)

25.    FreightCar America incorporates herein by reference the allegations contained in all preceding paragraphs of these counterclaims.

26.    NSC alleges in its Complaint that it owns the '892 patent and that FreightCar America has infringed at least claim 1 of the '892 patent by making, using, selling, offering for sale, and/or importing in the United States certain FreightCar America jennies.

27.    There exists an actual and justiciable controversy between NSC and FreightCar America regarding the invalidity of one or more claims of the '892 patent, and this controversy is ripe for adjudication by this Court.

28.    One or more claims of the '892 patent are invalid for failure to comply with one or more of the conditions and requirements of patentability that are set forth in 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

29.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. ¶ 2201 *et seq.*, FreightCar America requests a judicial declaration that one or more claims of the '892 patent are invalid.

## **FREIGHTCAR AMERICA'S DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), FreightCar America hereby demands a trial by jury of all issues so triable.

## **FREIGHTCAR AMERICA'S PRAYER FOR RELIEF**

WHEREFORE, FreightCar America prays for the following relief:

A.    A declaration that FreightCar America does not infringe and has not infringed any claim of any asserted patent;

B.    A declaration that one or more claims of each of the asserted patents are invalid and/or unenforceable;

C.    An order adjudging that this case is exceptional under 35 U.S.C. § 285 and that FreightCar America is entitled to recovery of its reasonable attorneys' fees;

D.    An award to FreightCar America of its reasonable attorneys' fees incurred in this action; and

E.    An award to FreightCar America of its costs and expenses.

Respectfully submitted,

Dated: April 22, 2025

By : */s/ John C. Phillips, Jr.*
　　　John C. Philips, Jr. (#110)
　　　David A. Bilson (#4986)
　　　PHILLIPS, MCLAUGHLIN & HALL, P.A.
　　　1200 North Broom Street
　　　Wilmington, DE 19806-4204
　　　(302) 655-4200
　　　jcp@pmhdelaw.com
　　　dab@pmhdelaw.com

*Of Counsel*

Brian Horne (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com

*Attorneys for Defendants/Counterclaimants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations, Inc., and FCA-FASEMEX, LLC*

Justin J. Gillett (*Pro Hac Vice*)
Sean Murray (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Justin.Gillett@knobbe.com
Sean.Murray@knobbe.com