## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NATIONAL STEEL CAR LIMITED, | ) | |
| | ) | |
| | ) | C.A. No. 1:24-00594-JLH-CJB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| FREIGHTCAR AMERICA, INC., | ) | |
| FREIGHTCAR NORTH AMERICA, | ) | |
| LLC, JAC OPERATIONS INC., and | ) | |
| FCA-FASEMEX, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO NSC'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND

*Of Counsel*

Brian C. Horne (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com

Sean M. Murray (*Pro Hac Vice*)
Justin J. Gillett (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Sean.Murray@knobbe.com
Justin.Gillett@knobbe.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.

John C. Phillips, Jr. (#110)
David A. Bilson (#)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pmhdelaw.com
dab@pgmhlaw.com

*Attorneys for Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations Inc., and FCA-FASEMEX LLC*

Dated: October 24, 2025

# I.  INTRODUCTION

NSC claims to need a sur-reply "to address six specific and material misstatements in" FreightCar America's reply brief.  Mot. (D.I. 148) at 2.  But NSC's motion does not even attempt to show that FreightCar America made any false statement of fact or law.  Rather, NSC argues that FreightCar America made new factual and legal *arguments* in its reply brief that it should have raised in its opening brief.  *See id*. at 3 (arguing NSC is "entitled to address the new arguments raised in Defendants' Reply").  NSC is incorrect.  A sur-reply is unwarranted because the challenged arguments either (i) were not raised for the first time on reply, or (ii) were legitimate responses to arguments NSC made in its opposition brief.  *See Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.*, 2016 WL 626495, at *1 n.1 (D. Del. Feb. 16, 2016), *report and recommendation adopted*, 2016 WL 1253472 (D. Del. Mar. 30, 2016).

# II.  ARGUMENT

## A.  NSC Has Not Identified Any Improper Reply Argument That Justifies A Sur-Reply

NSC first argues that FreightCar America made "new legal arguments" in its reply brief about NSC's lack of prejudice.  Mot. at 2.  However, FreightCar America devoted an entire paragraph of its opening brief to showing that NSC would suffer no prejudice if the Court allowed FreightCar America to amend its pleading.  D.I. 122 at 3 ("Granting leave to amend here will not prejudice NSC.").  NSC complains that FreightCar America discussed NSC's lack of prejudice only in the Rule 15 section of its opening brief, and not in the Rule 16 section.  Mot. at 2.  But FreightCar America was not required to repeat the same discussion of prejudice in each section of its brief.  That would have only wasted the Court's time as well as valuable space in a brief that was limited to three pages.

NSC also contends that FreightCar America argued "for the first time" that NSC's response to Interrogatory No. 15 was substantive evidence of inequitable conduct.  *Id.*  However, FreightCar

America's proposed amended pleading expressly relied on NSC's interrogatory response to support its allegation of inequitable conduct:

> During discovery in this case, FreightCar America asked NSC to explain why no one disclosed these NSC ore cars to the PTO. NSC refused to respond. NSC offered no innocent explanation for the named inventors' failure to disclose the NSC 50-ton center discharge ore cars. See Exhibit 3 [interrogatory response].

D.I. 122-1, Ex. A at 33 ¶ 57.

NSC next complains that FreightCar America argued for the first time on reply that FreightCar America acted diligently in waiting to assert inequitable conduct until it had evidence that all of the inventors were involved in deceiving the Patent Office. Mot. at 2. But this was a proper response to an argument NSC made in its opposition brief.

FreightCar America explained in its opening brief that it contacted NSC about amending the pleadings in July, the month NSC both responded to Interrogatory No. 15 and produced several documents showing that the three named inventors knew of the 1946 Cyclopedia. D.I. 122 at 2. In its opposition, NSC argued FreightCar America should have moved earlier because NSC had produced documents in February and May "confirming the inventors' use of Cyclopedias." D.I. 130 at 2. In its reply, FreightCar America explained that NSC produced only one document in February, which showed that one inventor had used a Cyclopedia, and a second document in May that mentioned only two inventors. D.I. 135 at 1. FreightCar America also cited authority explaining that courts "have generally held that it is not unreasonable for patent challengers to postpone raising allegations of inequitable conduct until sufficient discovery has been conducted to enable the challenger [to] confirm its suspicions and gather the evidence necessary to sustain its claim.'" *Id.* (quoting *Persawvere, Inc. v. Milwaukee Elec. Tool Corp.*, 2023 WL 3750812, at *2 (D. Del. June 1, 2023)) (punctuation and citation omitted).

It is well settled that reply briefs may make new points where they are directly responsive to arguments in the non-movant's opposition brief. *See Cephea Valve Techs., Inc. v. Abbott Lab'ys*, 2024 WL 1932830, at *9 (D. Del. Mar. 26, 2024), *report and recommendation adopted*, 2024 WL 3291632 (D. Del. Apr. 19, 2024) ("Plaintiff's motion for leave ignores the fact that the 'new' arguments in Defendants' reply brief involve content that is directly responsive to arguments made in Plaintiff's answering brief.") (punctuation omitted); *Int'l Bus. Machines*, 2016 WL 626495, at *1 n.1 ("[T]he arguments offered in Defendants' reply brief are proper (and are not 'new'), because they either expound on arguments made in Defendants' opening brief, or because they involve content that is directly responsive to arguments made in Plaintiff's answering brief."). Because FreightCar America's argument regarding NSC's document production was directly responsive to an argument NSC made in its opposition brief, it was properly included in FreightCar America's reply brief.

Similarly, NSC objects to FreightCar America's decision to address cumulativeness for the first time on reply. Mot. at 2-3. But FreightCar America was responding to the NSC's argument that the ore car it concealed from the Patent Office was cumulative of ore-car designs it allegedly submitted to the Patent Office. *See* D.I. 130 at 2–4 (opposition brief); D.I. 135 at 2 (reply).[1]

---

[1] NSC's proposed sur-reply relies on *Analog Devices, Inc. v. Xilinx, Inc.*, 2021 WL 466859, at *2-*4 (D. Del. Feb. 9, 2021), to argue that FreightCar America was obligated to plead a ***lack*** of cumulativeness. D.I. 148-1, Ex. 1 at 2. But NSC misreads *Analog Devices*. There the court found the defendant did not sufficiently allege materiality because it did not plausibly allege that the withheld reference filled a gap in the prior art before the Patent Office. *Analog Devices*, 2021 WL 466859 at *2 ("From these allegations, there is nothing one can infer about the contents of the prior art before the PTO and whether the Levi Reference fills any gaps therein."). Here, the proposed amended pleading alleges that the examiner's Reasons For Allowance stated that the two-part sidewall stiffener with web continuity – the one shown in the NSC ore car in the 1946 Cyclopedia – was an improvement over the prior art. D.I. 122-1, Ex. A at 28-29, 33 ¶¶ 39-44, 56. These allegations support the inference that the examiner was unaware of the type of sidewall stiffener shown in the 1946 Cyclopedia and that this withheld reference would have been material to his decision to allow the '892 patent.

Finally, NSC claims FreightCar America argued, for the first time on reply, that NSC committed inequitable conduct by failing to correct the examiner's erroneous belief that the claimed sidewall stiffener was absent from the prior art. Mot. at 3. NSC is incorrect. FreightCar America's proposed amended pleading alleges that, after the examiner issued his Reasons For Allowance, the inventors "deliberately failed to inform the examiner that the Claimed Sidewall Stiffener was in the prior art," D.I. 122-1, Ex. A at 28-29 ¶¶ 43-44, because they "understood that if they disclosed the NSC 50-ton center discharge ore cars or disabused the examiner of his misconception that the prior art did not include the Claimed Sidewall Stiffener, the examiner would withdraw the allowance and reject the claims," *id.*, Ex. A at 33 ¶ 56. Thus, FreightCar America's reply brief did not "sandbag" NSC or contain any improper new argument.

## B.    NSC's Case Law Is Inapposite

NSC cites numerous cases in support of its motion, but none are pertinent. Most of NSC's cases are inapposite because they involved genuinely new arguments that should have been raised in the movant's opening brief. *See TriDiNetworks Ltd. v. Signify N. Am. Corp.*, 2020 WL 2839224, at *4 (D. Del. June 1, 2020) ("this argument could have and should have been raised in the opening brief"); *Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 562 (D. Del. 2008); *Whitfield v. Pathmark Stores, Inc.*, 971 F. Supp. 851, 853 (D. Del. 1997); *Guardant Health, Inc. v. Found. Med., Inc.*, 2020 WL 2477522, at *11 (D. Del. Jan. 7, 2020) (faulting the plaintiff for waiting until its reply brief to explain its theory that the asserted patent could have derived written-description support only from the later-filed of two provisional applications). As discussed above, FreightCar America did not make any argument in its reply brief that it should have made in its opening brief.

*Chase Bank USA N.A. v. Hess Kennedy Chartered LLC*, 589 F. Supp. 2d 490 (D. Del. 2008), is even further removed from the facts of this case. There the movant made false factual

statements in its reply brief that required correction. *Id.* at 503–04 ("Given the extent of the apparent misrepresentations in Defendants briefing, the Court believes allowing a sur-reply brief is warranted."). In contrast, FreightCar America has made no false statement of fact.

And in *Inline Connection Corp. v. EarthLink, Inc.*, 684 F. Supp. 2d 496, 500 (D. Del. 2010), the movant did not object to the proposed sur-reply provided it was allowed to respond to the sur-reply. Here, FreightCar America does object to NSC's proposed sur-reply.

### III.  **CONCLUSION**

FreightCar America's reply brief merely expanded on arguments it had made before or responded to arguments in NSC's opposition brief. Because such arguments are proper in a reply brief, NSC's motion for a sur-reply should be denied. *See Cephea*, 2024 WL 1932830, at *9; *Int'l Bus. Machines*, 2016 WL 626495, at *1 n.1.

Dated: October 24, 2025

*Of Counsel*

Brian C. Horne (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com

Sean M. Murray (*Pro Hac Vice*)
Justin J. Gillett (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Sean.Murray@knobbe.com
Justin.Gillett@knobbe.com

Respectfully submitted,

 /s/ David A. Bilson
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
**PHILLIPS, MCLAUGHLIN & HALL, P.A.**
1200 North Broom Street
Wilmington, DE  19806-4204
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pmhdelaw.com
dab@pgmhlaw.com

*Attorneys for Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations, Inc., and FCA-FASEMEX, LLC*

## <u>CERTIFICATE OF SERVICE</u>

       I, David A. Bilson, Esquire, hereby certify that on October 24, 2025, a true and correct copy of the foregoing document was served on the following counsel of record via electronic means:

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
arussell@shawkeller.com

Safet Metjahic
Robert D. Keeler
ICE MILLER LLP
1500 Broadway, Suite 2900
New York, NY 10036
Safet.Metiahic@icemiller.com
Robert.Keeler@icemiller.com

Kenneth Sheehan
Kevin Adams
ICE MILLER LLP
200 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Ken.sheehan@icemiller.com
Kevin.adams@icemiller.com

      */s/ David A. Bilson*
      David A. Bilson (#4986)