IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) ) |
| | ) |
| v. | ) C.A. No. 24-594-JLH-CJB |
| | ) |
| FREIGHTCAR AMERICA, INC., FREIGHTCAR NORTH AMERICA, LLC, JAC OPERATIONS, INC., AND FCA-FASEMEX, LLC, | ) ) ) ) |
| | ) |
| Defendant/Counterclaim-Plaintiffs. | ) ) |

**NSC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**

OF COUNSEL:
Safet Metjahic
Robert D. Keeler
ICE MILLER LLP
1500 Broadway, Suite 2900
New York, NY 10036
(212) 824-4940

Kenneth Sheehan
Kevin Adams
ICE MILLER LLP
200 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 824-8666

Dated: October 31, 2025

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
glynch@shawkeller.com
*Attorneys for National Steel Car Limited*

Plaintiff National Steel Car Limited ("NSC") respectfully submits this reply brief in support of its motion for leave to file a two-page sur-reply brief (D.I. 148, hereinafter "Sur-Reply Motion"). Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations, Inc. and FCA-FASEMEX LLC (collectively, "FreightCar" or "Defendants") previously moved for leave to file an amended answer and counterclaims to allege inequitable conduct (D.I. 122, hereinafter "Motion to Amend"). Contrary to FreightCar's opposition brief (D.I. 149, hereinafter "Sur-Reply Opp."), NSC's Sur-Reply Motion demonstrates that FreightCar introduced arguments for the first time in its reply brief to the motion to amend (D.I. 135, hereinafter "Reply") and misstates material facts and law in the Reply that warrant correction.

First, FreightCar asserts in the Reply that NSC will suffer no prejudice (Reply at 1), yet it only addressed this point in the Rule 15 section of its opening brief (Motion to Amend at 3), a point FreightCar concedes. (Sur-Reply Opp. at 1). It never discussed prejudice in the context of Rule 16. (D.I. 122 at 2-3). NSC was thus under no obligation to respond to such an assertion under Rule 16 and, indeed, this Court has emphasized that the Rule 16 analysis focuses on the "diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.,* No. 06-cv-00540, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). FreightCar cannot now rely on prejudice to NSC under Rule 16 when it (1) did not raise it in its Motion to Amend and (2) doing so would constitute legal error.

Second, FreightCar offers no justification for failing to address cumulativeness in its proposed pleading or in its Motion to Amend, choosing instead to raise it for the first time in its Reply. (Reply at 2.) Cumulativeness, and the broader concept of materiality, are central to FreightCar's inequitable conduct allegations. *See Analog Devices, Inc. v. Xilinx, Inc.*, No. 2019-cv-02225-RGA, 2021 WL 466859, at *2-*4 (D. Del. Feb. 9, 2021) (dismissing inequitable

1

conduct defense for failing to plead the non-cumulativeness and materiality). Having failed to adequately plead inequitable conduct, FreightCar should not be permitted to attempt to correct such deficiency in an unanswered reply brief. In addition, FreightCar fails to address the new argument it inserted in the Reply regarding the alleged compression of documents submitted to the USPTO, an issue that NSC is entitled to rebut.

Third, NSC seeks a sur-reply brief to correct FreightCar's factual misstatement that FreightCar possessed only a single document produced by NSC in February 2025 showing inventor references to Cyclopedias in email communications. (Reply at 1.) FreightCar now argues that it needed documents for each inventor, an assertion raised for the first time in its Reply. (*Id.*) NSC seeks to correct the implication that FreightCar lacked relevant documents or information in February 2025. NSC is entitled to respond to FreightCar's attempts to obscure the record.

Finally, while FreightCar contends that NSC's case law is inapposite, the record shows that FreightCar introduced genuinely new arguments and misstatements in its Reply that should have been presented in FreightCar's Motion to Amend, as set forth above and in NSC's motion. (*See* D.I. 148 at 2-4 (outlining FreightCar's specific new misstatements)).

Accordingly, NSC respectfully requests that the Court grant leave to file the sur-reply brief attached as Exhibit 1 to NSC's motion (D.I. 148).

|  |  |
|---|---|
| OF COUNSEL:<br>Safet Metjahic<br>Robert D. Keeler<br>ICE MILLER LLP<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>(212) 824-4940<br><br>Kenneth Sheehan<br>Kevin Adams<br>ICE MILLER LLP<br>200 Massachusetts Ave NW, Suite 400<br>Washington, DC 20001<br>(202) 824-8666<br><br>Dated: October 31, 2025 | /s/ Virginia K. Lynch<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>Virginia K. Lynch (No. 7423)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>glynch@shawkeller.com<br>*Attorneys for National Steel Car Limited* |