# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> FREIGHTCAR AMERICA, INC., FREIGHTCAR NORTH AMERICA, LLC, JAC OPERATIONS INC., and FCA-FASEMEX, LLC <br><br> Defendants. | C.A. No. 1:24-00594-JLH-CJB |

**DEFENDANTS' REPLY LETTER BRIEF IN SUPPORT OF THEIR MOTION FOR STAY PENDING *INTER PARTES* REVIEW**

*Of Counsel*

Brian C. Horne (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com

Sean M. Murray (*Pro Hac Vice*)
Justin J. Gillett (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR 2040
Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Sean.Murray@knobbe.com
Justin.Gillett@knobbe.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations Inc., and FCA-FASEMEX, LLC*

Dated: January 8, 2026

Dear Judge Burke:

Defendants ("FCA") submit this letter brief in reply to NSC's opposition brief (D.I. 189). NSC's analysis of the three stay factors is flawed, as detailed below.

### I. Factor 1 Favors A Stay Because A Stay Could Greatly Simplify This Case

NSC contends the IPRs "will not meaningfully reduce the number of asserted claims." D.I. 189 at 2. However, NSC does not dispute that the claims of the '892 patent are likely to be cancelled. *See id.* Those claims were allowed only because NSC misled the PTO into believing a sidewall stiffener used in the twentieth century by the entire industry – including NSC itself – was novel in 2009. D.I. 122. The PTAB foreshadowed the likely result of the IPR when it ruled that FCA offered "persuasive reasoning, supported by evidence, that the Office materially erred during prosecution" of the '892 patent. Ex. 3 at 2-3. Thus, a stay would likely simplify the case by eliminating the '892 patent, regardless of what happens with the '515 patent. This alone justifies staying the case. *See NEC Corp. v. Peloton Interactive, Inc.*, No. 1:22-cv-00987, D.I. 210 (D. Del. Apr. 9, 2024) (Burke, M.J.) (Ex. 7) (staying the case where only 1 of 2 asserted patents was subject to IPR); *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *1 (D. Del. Aug. 21, 2019) (only 1 of 3 asserted patents); *SITO Mobile R&D IP, LLC v. World Wrestling Ent., Inc.*, 2021 WL 7628181 (D. Del. Dec. 20, 2021) (only 7 of 12 asserted patents).

Regarding the '515 patent, the IPRs have already meaningfully reduced the asserted claims by prompting NSC to disclaim eight of the patent's claims. D.I. 189 at 1. NSC argues the patent's remaining claims will survive because the PTAB questioned whether three claim limitations were present in the prior art. *Id.* at 2. But NSC ignores that, for the vast majority of the patent's claim limitations, the PTAB did not question whether the prior art disclosed the limitation. The claims of the '515 patent are lengthy, spanning nine columns. That the PTAB questioned only three claim limitations shows the strength of the prior art and FCA's IPR petition.

Nor is there any reason to believe NSC will prevail on the three limitations the PTAB questioned. In each case, NSC based its argument to the PTAB on a narrow claim construction that it articulated for the first time in its preliminary response to the petition. For example, NSC argued that a lateral reinforcement beam "extending … between said first and second side walls" must abut the side walls, and that the beam in the 1911 Hart patent stops just short of the side walls. Ex. 2 at 26. FCA has not yet addressed NSC's arguments on this limitation or the other two limitations the PTAB questioned. FCA will do so in its reply memorandum. Because the PTAB has not yet considered FCA's response to NSC's arguments on the three limitations identified in the institution decision, NSC's claim that "it is likely that all remaining claims will be confirmed in the IPR" (D.I. 189 at 2) is unsupported speculation.

Even if some claims of the '515 patent survived, a stay would still likely simplify the Court's efforts to address the surviving claims. NSC does not dispute that statements it makes in the IPR could "support a finding of prosecution disclaimer." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017). Nor does NSC dispute that a stay would eliminate "the prospect of a hectic and disjointed pre-trial process" if, under the current schedule, the PTAB issues its final decisions just weeks before trial. *See NEC*, No. 1:22-cv-00987, D.I. 210 at 4.

NSC argues a stay would not give the Court the benefit of the PTAB's expert guidance because "claim construction has already been decided." D.I. 189 at 3. However, as discussed above, NSC has already raised new claim construction issues in the IPRs. It will also likely raise

new claim construction issues in this case by construing claims narrowly in its expert report on validity. In addition, the PTAB could provide valuable guidance in understanding the asserted patents and the prior art, particularly since much of the prior art is over a century old.

NSC attempts to distinguish *NEC*, which found the Court's efforts to address a patent not being reviewed by the PTAB would likely be simplified because of its similarity to a patent under IPR review. *Id.* NSC asserts that the Court found this similarity important only because the patents had a disputed claim term in common. *Id.* In fact, the Court stated that, in "light of this similarity between the patents, it seems likely that the parties may take positions in the IPR regarding the '101 patent that could end up impacting the Court's later analysis regarding the '809 patent." *NEC*, No. 1:22-cv-00987, D.I. 210 at 3. The same logic applies here to any claims of the '515 patent that survive.[1] The simplification factor strongly favors staying this case pending the IPRs.

## II.  Factors 2 And 3 Also Support A Stay

NSC argues it would be prejudiced by a stay because the parties are competitors. D.I. 189 at 4. But a competitive relationship is relevant only where the defendant is continuing to sell the accused product, and FCA is not. Indeed, CN has not even announced that it plans to purchase more freight cars for the DMIR. NSC's claim that FCA is "continu[ing] to cause damage to NSC" (*id.*) is completely unsupported by any evidence. Nor is there any merit to NSC's claim that it would be prejudiced by "convoyed sales" of modification kits. *Id.* Those kits are not accused of infringement and cannot be barred by an injunction when the case ends.

NSC complains that a stay would force it "to litigate the same issues twice." *Id.* On the contrary, denying a stay would guarantee that the parties litigate the same issues twice and force them to do so in two fora simultaneously.[2] NSC also faults FCA for filing its IPR petitions on the last permissible day, despite having located its prior art a month earlier. *Id.* But no authority suggests it was unreasonable for FCA and its expert to spend a month preparing IPR petitions that spanned 414 pages and expert declarations that totaled 336 pages. Supp. Gillett Decl. ¶ 2. Nor has NSC explained how waiting a week or two to file its IPR petitions could have or given FCA a "tactical advantage" or prejudiced NSC. NSC itself waited three months after fact discovery opened to serve any discovery.

Turning to the third factor, NSC argues "the case is at an advanced stage" because the Court issued a claim construction order. D.I. 189 at 5. However, courts in this district have stayed cases after claim construction where, as here, the case is "at an efficient stopping point, and any weight given to [third] factor is outweighed by the likelihood that the issues for trial will be simplified by a stay." *Ethicon LLC v. Intuitive Surgical, Inc.*, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019). This Court should apply the same logic and stay this case pending the IPRs.

---

[1] NSC suggests that FCA's redline should have compared the '515 patent claims with claim 2 of the '892 patent, rather than disclaimed claim 1. D.I. 189 at 3. But nearly all of the limitations in claim 1 that are recited in the '515 patent claims appear verbatim in claim 2 of the '892 patent. Supp. Gillett Decl. ¶ 3. NSC's assertion that FCA attempted to "mislead this Court" is baseless.

[2] NSC's discussion of FCA's *Sotera* stipulation is inaccurate and irrelevant to FCA's motion. D.I. 189 at 2-3. The Court should reject NSC's request to force FCA to abandon validity arguments not barred by estoppel or the *Sotera* stipulation. *Id.* NSC relies on a single case, *Intell. Ventures II LLC v. Kemper Corp.*, 2016 WL 7634422 (E.D. Tex. Nov. 7, 2016), but the defendants in that case were not IPR petitioners and therefore were not subject to IPR estoppel. *Id.* at *2-3.

-3-

                                                                    Respectfully,

                                                                    */s/ John C. Phillips, Jr.*

                                                                     John C. Phillips, Jr. (#110)

cc:    All counsel of record (by CM/ECF & email)