# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NATIONAL STEEL CAR LIMITED, | ) ) ) ) | C.A. No. 1:24-00594-JLH-CJB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FREIGHTCAR AMERICA, INC., FREIGHTCAR NORTH AMERICA, LLC, JAC OPERATIONS INC., and FCA-FASEMEX, LLC | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY LETTER BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

*Of Counsel*

Brian C. Horne (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com

Sean M. Murray (*Pro Hac Vice*)
Justin J. Gillett (*Pro Hac Vice*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Sean.Murray@knobbe.com
Justin.Gillett@knobbe.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE  19806-4204
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations Inc., and FCA-FASEMEX LLC*

Dated: January 26, 2026

Dear Judge Burke:

**Search Terms**.  Search Term 1.  NSC argues Term 1 is overbroad "based on hit counts alone" (D.I. 198 at 1), but the rulings in NSC's cases were driven by more than just hit counts.  In *Biogen,* the movant identified 18 terms and 14 custodians, though the Default Standard specifies only ten of each. Ex. B at 3.  And in *Orca* there was "no dispute that [the proposed] term comprises multiple terms and exceeds the agreed limit of 10 terms."  Ex. C at 4.  Here, FCA has proposed ten terms and ten custodians.  In *Genesis*, the disputed term "ELDM" – which was not narrowed by an "AND" clause – referred to the patentee's manufacturing plant and hit on 60,000 irrelevant documents about the day-to-day operation of the plant. Ex. D.  FCA's term targets highly relevant documents referring to FCA and includes a narrowing "AND" clause that focuses on a few specific types of relevant documents.  The search terms in *Inpria* hit on a million documents and some had as many as 34 "OR" connectors.  Ex. E at 1.  FCA's Term 1 has only ten "OR" connectors, eight of which are part of the second clause that *narrows* the term.  Finally, NSC misreads *Confluent* when it argues "the Court there did not order the opposing party to use the proposed term."  D.I. 198 at 1.  In fact, the Court ordered that "Plaintiffs shall utilize Defendants proposed search terms" except, for certain categories, Defendant was required to "add at least one additional limiting term to each search term." Ex. 13.  FCA's Term 1 already contains a second clause that limits the term.

NSC suggests the requested documents are irrelevant.  D.I. 198 at 2.  But documents in the first category – those referencing CN – are relevant to NSC's claim that it lost profits because it would have won the CN contract but for the alleged infringement.  The second category – presentations, analyses and comparisons – is relevant to the freight car market and the relative value of the patented and non-patented features of the accused FCA railcars.  The third category concerns inspections and is relevant to show that FCA's inspection of CN's NSC-built car was consistent with industry norms and is not evidence FCA copied a patented design.  Copying is indisputably relevant to willfulness, damages and secondary considerations of nonobviousness.

NSC contends that "freight car" is a generic term that produces false positives having nothing to do with FCA.  *Id.*  NSC proposes narrowing the term to ore cars or jennies.  In the spirit of compromise, FCA will agree that NSC's narrowing clause ("ore car" OR jennie OR jenny) may be used to narrow "freight car."  However, this narrowing clause should not be applied to documents containing "FreightCar" or "FCA," as these are not generic terms.

Search Term 8.  NSC contends the patented features are improvements and advances in the field.  FCA is entitled to know what other freight-car features NSC has described as improvements.  This is relevant to obviousness and the relative value of patented and non-patented railcar features.  Further, NSC's reported hit counts are not unusual in a complex patent dispute.

**Damages RFPs.**  RPFs 62 and 66.  NSC insists only its 2009 jennies are relevant.  D.I. 198 at 3.  But other NSC jennies that practice the asserted patents are relevant to marking, and other NSC jennies that do not practice those patents are relevant to the value of the patented and unpatented features in the 2009 jennies and the accused cars.  RFP 73.  NSC's positions on whether third-party designs infringe an NSC patent are relevant to noninfringing alternatives to the asserted patents.  NSC should not be permitted to withhold discovery on this issue and later take a position on whether a third party's design is noninfringing.  RFPs 63, 67-68, 71, 74.  NSC agreed to respond to these RFPs.  It should be ordered to do so without limiting its production based on its objections.

1

Respectfully,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc:    All counsel of record (by CM/ECF & email)