## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL STEEL CAR LIMITED, ) | |
| ) | C.A. No. 24-594-JLH-CJB |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| FREIGHTCAR AMERICA, INC., ) | |
| FREIGHTCAR NORTH AMERICA, ) | |
| LLC, JAC OPERATIONS, INC. and ) | |
| FCA-FASEMEX, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION (D.I. 281) ON
### DEFENDANTS' MOTION FOR LEAVE TO AMEND THE PLEADINGS

*Of Counsel*

Brian C. Horne (*Pro Hac Vice*)
Mark D. Kachner (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com
Mark.Kachner@knobbe.com

Justin J. Gillett (*Pro Hac Vice*)
Sean M. Murray (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Justin.Gillett@knobbe.com
Sean.Murray@knobbe.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE  19806-4204
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pmhdelaw.com
dab@pgmhlaw.com

*Attorneys for Defendants FreightCar America, Inc., FreightCar North America, LLC, JAC Operations, Inc., and FCA-FASEMEX, LLC*

Dated: July 10, 2026

## I. INTRODUCTION

In this patent case, Defendants (collectively "FreightCar America") have discovered the named inventors knowingly withheld dispositive prior art from the Patent and Trademark Office (PTO) and knowingly exploited the PTO examiner's erroneous belief that a claimed sidewall stiffener was absent from the prior art. FreightCar America sought leave to amend its operative pleadings to include a defense and counterclaim that the asserted patents are unenforceable due to inequitable conduct. (D.I. 121, 122.)

On June 26, 2026, the Magistrate Judge issued a Report and Recommendation (R&R) that the Court deny leave because FreightCar America's proposed amended pleadings are futile. (D.I. 281.) Because the R&R applied incorrect legal standards and did not address expressly pleaded factual allegations or Defendants' arguments concerning those allegations, FreightCar America objects to the recommended disposition under Federal Rule of Civil Procedure 72(b)(2). The Court should grant FreightCar America leave to file its proposed amended pleadings.

## II. PROCEDURAL BACKGROUND

**A.     FreightCar America pleaded specific facts showing the named inventors deliberately withheld NSC's own prior-art railcars from the PTO so the PTO would continue to believe the claimed sidewall stiffener was novel, when it was in fact decades old.**

FreightCar America and Plaintiff National Steel Car Limited ("NSC") make railcars. NSC accuses FreightCar America of infringing U.S. Patent 8,166,892 and its child, U.S. Patent 8,132,515, which claim a subset of railway freight cars. In its proposed amended pleadings (D.I. 122, Ex. A Counterclaims ("Proposed Counterclaims")), FreightCar America would allege the following facts:

Both asserted patents list NSC employees Forbes, Thiesen, and Keats as inventors. (Proposed Counterclaims ¶¶ 32–33.)

-1-

The '892 patent claims recite a stiffener for a railcar sidewall, where the stiffener has an upper portion on the railcar's interior ("laterally inboard") and a lower portion on the exterior ("laterally outboard") and the two portions are vertically aligned (have "web continuity"). (*Id.* ¶¶ 35–38.) Shown below with added coloring and annotations, figures 1 and 2c of the '892 patent illustrate this two-part sidewall stiffener with web continuity:



(*Id.* ¶¶ 35–36 (showing marked-up '892 patent figs.1, 2c).)

This two-part sidewall stiffener was the key to allowance. The PTO examiner explained that he allowed the '892 patent because he thought this claimed two-part sidewall stiffener with web continuity was absent from the prior art. (*Id.* ¶¶ 39–40 (quoting reasons for allowance).)

But the claimed sidewall stiffener had been known in the art for decades. (*Id.* ¶ 45.) In fact, *NSC itself had made and sold railcars with the supposedly novel stiffener*. Decades before applying for the asserted patents, NSC had sold 50-ton center-discharge ore cars with the very same stiffener the PTO thought was novel. (*Id.*) NSC advertised these ore cars in the 1946 Car Builders' Cyclopedia Of American Practice ("Cyclopedia"), a key industry reference book published every few years. (*Id.* ¶¶ 46–52.) The 1946 Cyclopedia includes detailed schematics showing the NSC 50-ton center discharge ore car embodied *every* limitation of claim 1 of the '892 patent. (*Id.* (citing proposed Ex. 1, including pages 18–33 thereto).)

Forbes, Thiesen, and Keats deliberately withheld this prior art to deceive the PTO. During prosecution of the '892 patent, NSC submitted excerpts of the 1937, 1943, 1957, 1961 and 1966 editions of the Cyclopedia. (*Id.* ¶ 55.) But NSC did *not* submit excerpts from the 1946 Cyclopedia, the edition that contained detailed schematics of the NSC ore car. (*Id.*) Forbes, Thiesen, and Keats decided which editions of the Cyclopedias to disclose to the PTO and selected the excerpts that NSC disclosed. (*Id.* ¶¶ 53–55.) The excerpts Forbes, Thiesen, and Keats chose to disclose to the PTO depicted ore cars, but none showed the NSC 50-ton center-discharge ore car that anticipated claim 1. (*Id.* ¶ 55.)

When the examiner explained he allowed the claims because the claimed sidewall stiffener was absent from the prior art, Forbes, Thiesen, and Keats knew the examiner was wrong, and they knowingly took advantage of the examiner's error. (*Id.* ¶¶ 40, 43, 44, 56.) Immediately after identifying the claimed sidewall stiffener as the reason for allowance, the examiner instructed that "[a]ny comments considered necessary by applicant must be submitted no later than the payment of the issue fee" and that such submissions "should be clearly labeled 'Comments on Statement of Reasons for Allowance.'" (*Id.* ¶ 41.) Forbes, Thiesen, and Keats submitted no comments on the PTO examiner's statement of reasons for allowance. (*Id.* ¶ 42.)

The named inventors' inequitable conduct infects the child '515 patent, which has substantially the same specification and includes claims with nearly identical sidewall stiffener limitations. (*Id.* ¶¶ 59–62.) NSC has asserted those claims against FreightCar America, and its infringement contentions show it is reading those claims broadly enough to encompass the stiffeners in the withheld prior-art NSC 50-ton center discharge ore cars. (*Id.* ¶¶ 63–65.)

**B.      The R&R recommends denying leave based on the pleading of materiality.**

On June 12, 2026, addressing whether FreightCar America had demonstrated good cause for seeking leave to amend after the scheduling-order deadline, the Magistrate Judge ruled in

FreightCar America's favor, finding diligence and no undue delay. (D.I. 280.) NSC did not object to that ruling.

The magistrate judge issued the June 26 R&R to separately address a dispositive matter falling under Rule 72(b): whether the amendments "would be futile" because they "do not sufficiently plead materiality." (D.I. 281.) The R&R recommends denying leave "on this basis." (*Id.*)

### III. PROCEDURAL STANDARDS

When a party objects to a magistrate judge's recommended disposition of a matter dispositive of a claim or defense, the district judge determines the disputed issues de novo. Fed. R. Civ. P. 72(b)(3).

Because NSC did not object to the Magistrate Judge's June 12 ruling (D.I. 280), good cause under Rule 16(b)(4) is no longer at issue. Rule 15 therefore governs whether to grant leave to amend. Rule 15(a)(2) states that a "court should freely give leave when justice so requires." The Supreme Court has described this rule as a "mandate." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A court may deny leave when the amendment would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Although the futility analysis encompasses determining whether the amended pleading states a claim under the same standard that applies under Rule 12(b)(6), a court should deem pleadings futile only when the moving party cannot remedy pleading defects with additional allegations. *Id.* When it is the party's first time pleading a claim or the pleadings merely require greater particularity under Rule 9(b), the court should ordinarily grant leave to amend. *Id.* at 1435 (reversing denial of leave to remedy Rule 9(b) particularity defects for certain claims and affirming denial for other claims where party had already attempted to plead twice and additional allegations would not help); *cf. Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (even if party does not seek leave, leave to amend "must be given" where the party can cure a pleading defect). "If the proposed amendment is frivolous or advances a claim

or defense that is legally insufficient on its face, the court may deny leave to amend but where the proposed amendment is not clearly futile, then denial of leave to amend is improper." *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013) (cleaned up).

## IV. FREIGHTCAR AMERICA ADEQUATELY PLEADED MATERIALITY

Rule 9(b) applies to pleadings of inequitable conduct and requires alleging the circumstances of the misconduct with particularity. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). That means identifying "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.*

FreightCar America did just that. The proposed pleadings specify that, during prosecution of the '892 patent, Forbes, Thiesen, and Keats deliberately withheld the prior-art NSC 50-ton ore car and the detailed schematics of that car published in the 1946 Cyclopedia, concealing that the prior-art car possessed all the limitations of claim 1, including the very same sidewall stiffener that was critical to allowance. The proposed pleadings also allege Forbes, Thiesen, and Keats deliberately chose not to correct the PTO examiner's erroneous belief stated in a January 2012 notice of allowance that the sidewall stiffener was absent from the prior art, thereby knowingly taking advantage of the examiner's error. FreightCar America's pleading of the who, what, when, or where is not at issue. The R&R recommends denying leave based on the pleading of materiality, i.e., the why and how, *id.* at 1329–30. Denying leave on this basis would be improper.

**A.**     **Because the claimed sidewall stiffener was the reason for allowance, and because FreightCar America pleaded in detail how the withheld prior art disclosed the claimed sidewall stiffener and every other limitation of claim 1, FreightCar America adequately pleaded materiality.**

Basic notice pleading does not require proof or probability of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It requires only enough factual allegations to make the claim facially plausible. *Id.* Even where Rule 9(b) requires additional specificity, the goal of notice pleading

guides the analysis: "Rule 9(b)'s purpose is 'to afford [a] defendant fair notice' of a plaintiff's claims and the factual grounds supporting those claims." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016)). In determining the level of detail Rule 9(b) demands, courts consider "how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." *Id.*; 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 (4th ed. Apr. 2026 update).

FreightCar America pleaded that, as offered for sale by NSC and as disclosed in the 1946 Cyclopedia, the prior-art NSC ore cars contained the claimed sidewall stiffener whose supposed nonobviousness the PTO examiner cited as his reason for allowing the claims of the '892 patent. (Proposed Counterclaims ¶¶ 40–51.) In fact, the prior-art NSC cars possessed *all* limitations of claim 1. (*Id.* ¶ 51 (citing sixteen pages of limitation-by-limitation analysis in Ex. 1 to proposed pleadings).) The withheld prior art thus anticipated at least claim 1. (*Id.*) Had the named inventors disclosed this prior art or candidly responded to the reasons for allowance by explaining that the supposedly nonobvious sidewall stiffener had in fact been known for decades, the PTO examiner would never have allowed claim 1. (*Id.* ¶¶ 34, 39, 40, 51, 56.) These allegations satisfy Rule 9(b) and put NSC on notice of the factual basis of the alleged inequitable conduct, including why the withheld information was material to patentability and noncumulative. *Aerocrine AB v. Apieron Inc.,* No. 08-cv-787-LPS, 2010 WL 1225090, at *9 (D. Del. Mar. 30, 2010).

In recommending denial of leave, the R&R cites *Exergen*. In that case, the Federal Circuit held the pleadings insufficient on materiality because they failed to "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen*, 575 F.3d at 1329. "Such allegations are necessary to explain both 'why' the

withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329–30. FreightCar America's proposed pleadings contain no such defect. The pleadings expressly identify the sidewall-stiffener claim language the examiner believed was absent from the prior art, and they further explain how the prior art disclosed those limitations and would have been used to reject at least claim 1.

For the same reasons, the other cases the R&R cites are distinguishable. In *Analog Devices, Inc. v. Xilinx, Inc.*, No. 19-cv-2225, 2021 WL 466859, at *2 (D. Del. Feb. 9, 2021), the pleadings contained no allegations permitting any inference "about the contents of the prior art before the PTO and whether the [withheld reference] fills any gaps therein." In *Jackson v. NuVasive, Inc.*, No. 21-cv-53, 2023 WL 5175092, at *4 (D. Del. Aug. 11, 2023), the pleadings "fail[ed] to identify any specific claims or claim limitations in the [asserted] patents, let alone explain how the [withheld] reference is relevant to those claims." In *InQuisient Inc. v. ServiceNow, Inc.*, No. 22-cv-900-CJB, D.I. 275 (D. Del. July 2, 2024), the "proposed amendment plead[ed] no facts that address how [the withheld prior art] and certain of its assertedly key disclosures … were non-cumulative of material otherwise before the PTO."

Because FreightCar America specifically identified the claim limitation the PTO examiner believed was absent from the prior art and plausibly pleaded that the prior-art NSC cars possessed that limitation and indeed anticipated at least claim 1, FreightCar America satisfied Rule 9(b) and plausibly pleaded materiality. *Aerocrine,* 2010 WL 1225090, at *9.

**B.      The R&R overlooks FreightCar America's allegations and arguments.**

The R&R states: "Defendants never pointed the Court to where in their proposed amendments they *do* sufficiently plead non-cumulativeness." (D.I. 281.) But in its opening letter brief, FreightCar America cited paragraphs 39 and 40 of the proposed counterclaims when discussing the examiner's belief that the claimed sidewall stiffener was absent from the prior art

and his reliance on that absence in allowing the claims. (D.I. 122 at 1.) FreightCar America cited paragraphs 46–52 when discussing that the prior-art NSC cars possessed the claimed sidewall stiffener along with every other limitation of claim 1. (*Id.*) To the extent the R&R focused on the reply letter brief, leave to amend should not be denied because FreightCar America did not use the two pages allowed for the reply to repeat citations and arguments from the opening letter brief.

**C.      NSC's argument on the 1943 Cyclopedia relies on deciding questions of fact.**

NSC argued futility by asserting the 1946 Cyclopedia was cumulative of an excerpt of the 1943 Cyclopedia submitted to the PTO. (D.I. 130 at 3–4.) According to NSC, the 1946 Cyclopedia's disclosures of the NSC car are "substantially the same" as drawings of *different* cars in the 1943 excerpt supposedly "expressly considered by the Examiner." (D.I. 130 at 4.)

The R&R does not mention the 1943 Cyclopedia. But if the R&R concluded the proposed amendments were futile by crediting NSC's argument about the 1943 Cyclopedia, it improperly considered materials outside the pleadings and resolved factual disputes against Defendants.

The excerpt of the 1943 Cyclopedia given to the PTO was a poor-quality scan that rotated and squished pages, obscuring and distorting the drawings. The demonstrative diagrams NSC created for the present dispute (D.I. 130, bottom of page 3) do not fairly reflect what the examiner had before him. They isolate and enlarge a tiny component that was very difficult, if not impossible, to discern in the set of poor-quality, distorted drawings NSC submitted to the PTO. It also appears NSC's demonstratives correct the distortion in the drawings submitted to the PTO, as NSC concedes it "modified" images for its diagrams, including "to adjust ratios of images." (D.I. 130 at 4.)

For example, NSC's demonstrative for the 1943 "Pressed Steel Car" isolates and enlarges the sidewall stiffener in that railcar. But in the distorted version NSC submitted to the PTO, that stiffener is buried and nearly unidentifiable, as evident both below and in Exhibit I to D.I. 130:

| *NSC Demonstrative*<br>(excerpt; D.I. 130 at 3) | *Version of 1943 Cyclopedia Provided to PTO*<br>(excerpt; D.I. 130, Ex. I, p. 354) |
| --- | --- |
|  |  |

The NSC ore car shown in the 1946 Cyclopedia is an undisputedly different car, and the drawings of the NSC car appearing in the pleadings undisputedly differ from those of the different cars in the 1943 excerpt given to the examiner. (*Compare* Proposed Counterclaims p. 30 (second page of ¶ 47) *with* D.I. 130 Ex. I.) At a minimum, whether the distorted, low-quality drawings available to the examiner disclose "substantially the same" railcar as the drawings from the 1946 Cyclopedia is a question of fact that cannot be resolved on the pleadings.

**D.      FreightCar America additionally alleges inequitable conduct based on the named inventors knowingly taking advantage of the PTO examiner's error, which does not turn on whether the withheld NSC cars were cumulative.**

The R&R fails to recognize that FreightCar America pleaded multiple theories of inequitable conduct. In addition to withholding material prior art, the named inventors deliberately failed to correct the PTO examiner's erroneous stated belief that the claimed sidewall stiffener was novel. (*E.g.*, Proposed Counterclaims ¶¶ 40–44, 56.) They knowingly exploited that error so that the examiner would not withdraw the allowance he entered based on that error. (*E.g.*, *id.*)

In *KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571 (Fed. Cir. 1985), the district court granted summary judgment of inequitable conduct after concluding that the PTO examiner erroneously assumed the patent application was entitled to priority to an earlier application and

thereby avoided intervening art. *Id.* at 1575. The district court found it must have been obvious to the applicant's patent attorney that the examiner had not analyzed priority even though PTO procedures required the examiner to do so before withdrawing a rejection based on intervening art. *Id.* at 1576. The district court concluded the attorney "intended to take improper advantage of an obvious omission by the PTO." *Id.* Although the court erred in determining intent on summary judgment, the Federal Circuit affirmed the viability of the underlying rationale. The Federal Circuit held there is "no reprieve" from the duty of candor and fair dealing owed to the PTO, and "this duty is not done by one who knowingly takes advantage of an error by the PTO." *Id.* at 1576.

Here, the named inventors knew the examiner erroneously believed the claimed stiffener was new, they knew that error was the reason the examiner allowed the patent, and they let the error stand. Their silence was therefore material. Contrary to what the R&R suggests, that materiality does not hinge in any way on any prior art being noncumulative. In *KangaROOS*, the examiner had all the information necessary to realize he had erroneously assumed entitlement to priority, but that did not negate materiality. *Id.* Likewise, even if the examiner here should have realized from the prior art of record that the claimed sidewall stiffener was decades old, that would not negate the materiality of the named inventors' knowing exploitation of the examiner's error. "[L]apse on the part of the examiner does not excuse the applicant." *Id.*

## V. AT A MINIMUM, THE COURT SHOULD CLARIFY THE R&R

The R&R does not state whether Defendants may offer a revised proposed amendment. This was Defendants' first attempt at pleading inequitable conduct, and they could plead additional details concerning materiality, such as that the drawings from the 1943 Cyclopedia submitted to the PTO are insufficiently legible to make the withheld prior art cumulative. Therefore, if the Court is inclined to adopt the R&R, the Court should modify the R&R to clarify it is without prejudice to Defendants submitting a revised amended pleading. *Burlington Coat Factory*, 114 F.3d at 1435.

-10-

Respectfully submitted,

Dated: July 10, 2026

*Of Counsel*

Brian Horne (*Pro Hac Vice*)
Mark Kachner (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Brian.Horne@knobbe.com
Mark.Kachner@knobbe.com

Justin J. Gillett (*Pro Hac Vice*)
Sean Murray (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Justin.Gillett@knobbe.com
Sean.Murray@knobbe.com

By : */s/ John C. Phillips*
John C. Philips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806-4204
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendants/Counterclaimants*
*FreightCar America, Inc., FreightCar*
*North America, LLC, JAC Operations, Inc.,*
*and FCA-FASEMEX, LLC*

-11-